MEMORANDUM **
Dolores Mendoza de Cuevas petitions for review of a Board of Immigration Appeals (“BIA”) order denying a motion to *491 remand for reconsideration of her order of removal, and of an order denying her subsequent motion to reopen proceedings. We review the BIA’s denial of Petitioner’s motion to remand for abuse of discretion. Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005). We review the BIA’s denial of Petitionei-’s motion to reopen for abuse of discretion and we review legal questions de novo. Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition.
Petitioner moved the BIA to remand her case to the immigration judge to determine whether, following de Rodriguez-Echeverria v. Mukasey, 534 F.3d 1047, 1051 (9th Cir. 2008), which held that an alien is deemed under arrest when she is held for questioning, statements that Petitioner made to border patrol agents were inadmissible because she was not advised of her Miranda rights. The BIA did not abuse its discretion when it found that remand was unnecessary because Petitioner was advised of her rights when she was served with a Notice to Appear in formal removal proceedings. Under Samayoa-Martinez v. Holder, 558 F.3d 897, 901 (9th Cir. 2009), the DHS is not required to advise aliens of their right to counsel or of the admissibility of their statements until aliens are placed in formal removal proceedings.
The BIA also denied Petitioner’s motion to reopen proceedings to consider her eligibility for special rule cancellation of removal under 8 U.S.C. § 1229b(b)(2), which provides for the cancellation of removal for an alien who “has been battered or subjected to extreme cruelty by a spouse ... who is or was a United States citizen” or lawful permanent resident. The BIA’s denial of Petitioner’s motion was not an abuse of discretion because the BIA’s conclusion that Petitioner had not proved that her abusive former spouse was a United States citizen or permanent resident was not illogical, implausible, or without support in inferences that can be drawn from the record. Nor did the BIA abuse its discretion when it found that Petitioner’s motion to reopen to file an application for asylum relief was filed untimely where she did not provide evidence of materially changed circumstances or conditions arising in Mexico to invoke the exception under 8 U.S.C. § 1229a(c)(7)(C)(ii).
Therefore, the petition is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.